NARDIELLO LAW PLLC
Jason S. Nardiello, *pro hac vice* filed
jason@nardiello.law
1341 W. Mockingbird Lane
Suite 600W, #143
Dallas, TX 75247
Telephone: (214) 974-5468
Attorneys for Plaintiff MaxRelief USA, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MaxRelief USA, Inc.,<br><br>               Plaintiff,<br><br>    v.<br><br>Maxx Relief, an unincorporated business entity, Terrell D. Link and Margaret M. Mortazavi,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MaxRelief USA, Inc. ("MaxRelief"), by and through its attorneys, hereby submits its Verified Complaint for Trademark Infringement and Unfair Competition, alleging as follows:

**I.      INTRODUCTION**

1.      MaxRelief is the manufacturer and distributer of a topical pain relief product, which is sold nationwide and with its first U.S. sales since 2012. The topical pain relievers, which are sold under the MAXRELIEF trademark in the United States, are designed for active individuals in need of relief from muscle or joint pain. MaxRelief's MAXRELIEF branded products have become successful around the country and are sold on the Internet at www.maxrelief.com, on Amazon.com, Walmart.com, Ebay.com and in hundreds of independent retail establishments around the country.

2.      Defendants Terrell D. Link ("Link") and Margaret M. Mortazavi ("Mortazavi") are the founders of Maxx Relief, hereinafter, collectively ("Defendants"). Upon information and belief, in an attempt to trade off of the significant goodwill that MaxRelief has built around its

1

1    MAXRELIEF brand, Defendants have misappropriated MaxRelief's MAXRELIEF trademark.

2        3.    Defendants' conduct violated the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*,

3    as well as the common law against unfair competition in the State of Arizona. This conduct is

4    knowing and willful, and merits injunctive relief along with an award of treble damages and

5    attorneys' fees under 15 U.S.C. § 1117.

6        4.    MaxRelief has suffered and will continue to suffer irreparable harm as a result of

7    Defendants' infringing activity. MaxRelief is seeking preliminary and permanent injunctive relief

8    to protect itself against further harm.

9                        **II.    PARTIES**

10       5.    MaxRelief is a Delaware corporation with its principal place of business located at

11   3053 Fillmore St., Suite 123, San Francisco, California 94123.

12       6.    Defendant Maxx Relief is a business organization is presently unknown to

13   MaxRelief. According to the website at https://maxxrelief.com/contact/ its principal place of

14   business is located at 522 W. Finnie Flat Rd, Suite E-114, Camp Verde, Arizona 86322.

15       7.    Defendant Terrell D. Link is an individual existing or residing at 539 S. Hitching

16   Post Drive, Camp Verde, Arizona 86322. Defendant Link has committed the violations alleged

17   herein in this judicial district, including by advertising and offering for sale pain relief products in

18   this district and via a website that is accessible to persons residing in this district.

19       8.    Margaret M. Mortazavi is an individual existing or residing at 539 S. Hitching

20   Post Drive, Camp Verde, Arizona 86322. Defendant Mortazavi has committed the violations

21   alleged herein in this judicial district, including by advertising and offering for sale pain relief

22   products in this district and via a website that is accessible to persons residing in this district.

23                  **III.    JURISDICTION AND VENUE**

24       9.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a)

25   because these claims involve federal questions related to claims for trademark infringement

26   arising under the federal Lanham Act. The Court also has subject matter over the claims arising

27   under the State of Arizona under 28 U.S.C. §§ 1331(b) and 1367.

28       10.    Venue is proper in this district under 28 U.S.C. § 1391(b) in that, among other

1    things, all Defendants reside in this judicial district, a substantial part of the events or omissions

2    giving rise to the claims herein occurred in this judicial district and the effects of Defendants'

3    wrongful actions have been felt by MaxRelief in this judicial district.

4                        IV.    ALLEGATIONS COMMON TO ALL CLAIMS

5              A.  **MaxRelief and its Well-Known Trademark**

6              11.    Since 2012 MaxRelief has sold high-quality topical pain relief products

7    nationwide under the MAXRELIEF trademark. The topical pain relievers are designed for active

8    individuals in need of relief from muscle or joint pain. MaxRelief's MAXRELIEF branded

9    products have become successful around the country and are sold on the Internet at

10   www.maxrelief.com and in hundreds of independent retail establishments around the country,

11   including big box stores, such as Walmart.

12             12.    On July 28, 2020 MaxRelief's MAXRELIEF trademark was registered with the

13   United States Patent and Trademark Office under Reg. No. 6,110,575. The mark is registered in

14   connection with "Pain relief cream and spray in the nature of pain relief medication and topical

15   analgesic creams" and the registration shows that the mark was in use in U.S. Commerce at least

16   as early as January 2012. The registration is valid, subsisting, and is in full force and effect. A

17   true and correct copy of the Certificate of Registration for the MAXRELIEF registration is

18   attached hereto as "Exhibit 1."

19             13.    MaxRelief uses the MAXRELIEF trademark as its house brand and places it on it

20   website where its products are sold and on its product packaging:

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8



9    14.    MaxRelief has invested significant resources in promoting the products it markets

10    under its trademarks and, as such, has generated significant goodwill in the MAXRELIEF

11    trademark. As a result of MaxRelief's use and promotion of its MAXRELIEF mark, the public

12    has come to recognize products bearing this mark as originating from MaxRelief. The goodwill

13    associated with the MAXRELIEF trademark has become invaluable to MaxRelief.

14    **B. Defendants' Unlawful Activities**

15    15.    Upon information and belief, Defendants Link and Mortazavi are the proprietors

16    and managers of Defendant Maxx Relief. Defendant offers a pain relief cream to customers

17    nationwide under the trademark "MAXX RELIEF," advertising on www.maxxrelief.com and

18    various social media platforms, including Facebook.

19    16.    Upon information and belief, prior to the acts complained of herein, Defendants

20    were aware of the vast goodwill represented and symbolized in Plaintiff's MAXRELIEF mark

21    and that the public recognizes and relies upon the MAXRELIEF mark as identifying MaxRelief's

22    pain reliever products and distinguishing MaxRelief's pain reliever products from the products of

23    others.

24    17.    Upon information in belief, sometime well after 2012, if not just several years ago,

25    Defendants began using the MAXX RELIEF trademark to sell pain relief products to customers

26    in the United States.

27    18.    On or about September 8, 2020, Andrew Levinson, Esq., trademark counsel for

28    MaxRelief, sent a cease-and-desist letter to Defendants notifying them of MaxRelief's U.S.

4

1   trademark registration and that the Defendants' use of the MAXX RELIEF mark in the same

2   category of goods was infringing MaxRelief's MAXRELIEF mark. Despite MaxRelief's counsel

3   sending the letter, Defendants never responded.

4         19.    Despite MaxRelief's cease-and-desist letter, Defendants continue to use the

5   MAXX RELIEF trademark in connection with essentially the same type of goods MaxRelief sells

6   under the MAXRELIEF mark.

7   **V.     CLAIMS FOR RELIEF**

8   **COUNT I**
**Infringement of a Registered Trademark**

9   **(15 U.S.C. § 1114(1))**

10         20.    MaxRelief repeats and realleges the preceding paragraphs as if set forth herein.

11         21.    The USPTO has granted MaxRelief a federal trademark registration for the

12   MAXRELIEF mark. A copy of this registration is attached hereto as Exhibit 1 and is incorporated

13   herein by this reference.

14         22.    The acts of Defendants alleged herein constitute the use in commerce, without the

15   consent of MaxRelief, of a reproduction, counterfeit, copy or colorable imitation of the

16   MAXRELIEF mark in connection with the sale, offering for sale, distribution, or advertising of

17   goods, which use is likely to cause confusion or mistake, or to deceive consumers and there

18   infringe MaxRelief's rights in the MAXRELIEF mark, in violation of 15 U.S.C. § 1114(1).

19         23.    Defendants' actions are calculated to confuse the public, are likely to cause the

20   public to believe that the Defendants' goods are somehow affiliated with, sponsored by, or are

21   endorsed by MaxRelief when in fact they are not.

22         24.    Defendants' use of the infringing mark was willful and intentional.

23         25.    MaxRelief has no adequate remedy at law for the foregoing wrongful conduct.

24   MaxRelief has been, and absent injunctive relief, will continue to be irreparably harmed by

25   Defendants' actions.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT II**
**Trademark Infringement in Violation of**
**Section 43(A)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

26.    MaxRelief repeats and realleges the preceding paragraphs as if set forth herein.

27.    The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination of it, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with MaxRelief, or as to the origin, sponsorship or approval of Defendants' pain relief products by MaxRelief.

28.    Defendants' use of the infringing marks was willful, intentional and was done with knowledge that the infringing MAXX RELIEF mark.

29.    MaxRelief has no adequate remedy at law for the foregoing wrongful conduct. MaxRelief has been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

**COUNT III**
**Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

30.    MaxRelief repeats and realleges the preceding paragraphs as if set forth herein.

31.    MaxRelief's MAXRELIEF mark is distinctive and has become widely known and MaxRelief has developed an enormous amount of goodwill in the mark.

32.    MaxRelief is informed and believes and then alleges that Defendants began to use the domain name "Maxxrelief.com" on or about August 4, 2020, with a bad faith intent to profit from the use of the MAXRELIEF mark.

33.    The "Maxxrelief.com" domain name is confusingly similar to MaxRelief's distinctive and registered MAXRELIEF mark.

34.    Defendants made no prior use of the "Maxxrelief.com" domain name in connection with a bona fide offering of any goods or services.

35.     Defendants have made and continue to make use in commerce of the "maxxrelief.com" domain name in a manner that infringes MaxRelief's MAXRELIEF mark and lessens the capacity of the mark to identify and distinguish MaxRelief's goods.

36.     The acts of Defendants alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation or connection with, or association of MaxRelief or its website with Defendant's "Maxxrelief.com" website, including the goods and services offered at that website.

37.     MaxRelief has no adequate remedy at law for the foregoing wrongful conduct. MaxRelief has been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

**COUNT IV**
**Unfair Competition in Violation of Arizona Common Law**

38.     MaxRelief repeats and realleges the preceding paragraphs as if set forth herein.

39.     Through its misleading use of MaxRelief's intellectual property, Defendants, direct competitors of MaxRelief, are misrepresenting and falsely designating to the general public within Arizona an affiliation, connection, association, origin, source, sponsorship, endorsement, and approval of Defendants' products by MaxRelief to confuse the public.

40.     The aforesaid acts of Defendants constitute unfair competition under Arizona common law.

41.     As a result of Defendants' unfair business practices, MaxRelief has suffered and will continue to suffer irreparable injury, including actual consumer confusion, the inability to control the nature and quality of Defendants' competing goods, and loss of goodwill and harm to its advertising efforts for which it has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their violations, these injuries to MaxRelief will continue to occur.

42.     As a result of Defendants' unfair business practices, MaxRelief has suffered harm in the form of loss of goodwill and diverted sales, among other harms.

43.     Based on the aforesaid acts, Defendants have unlawfully and wrongfully derived,

7

and will continue to derive, income, profits, and ever-increasing goodwill from its activities at the expense, and to the detriment of MaxRelief, which has been, and will continue to be, damaged by Defendants' conduct in an amount to be determined at trial.

44.     Defendants' acts of unfair competition were done willfully, wantonly, maliciously, and in reckless disregard for MaxRelief's rights.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff MaxRelief USA, Inc. prays for judgment against Defendants, granting the following relief:

1.     A declaration that:

a)     Defendants' use of the MAXX RELIEF mark or any other mark that is likely to cause confusion with MaxRelief's MAXRELIEF mark in connection with pain relief products infringes MaxRelief's rights in its MAXRELIEF trademark in violation of 15 U.S.C. § 15 U.S.C. § 1114(1);

b)     Defendants' use of the MAXX RELIEF mark or any other mark that is likely to cause confusion with MaxRelief's MAXRELIEF mark in connection with pain relief products infringes MaxRelief's rights in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

c)     Defendants' use of the "maxxrelief.com" domain name or any other domain name that is likely to cause confusion with MaxRelief's MAXRELIEF mark infringes MaxRelief's rights in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

d)     Defendants' use of the MAXX RELIEF mark or any other mark that is likely to cause confusion with MaxRelief's MAXRELIEF mark in connection with pain relief products constitutes unfair competition under Arizona common law.

e)     Defendants' acts were intentional and willful.

2.     A preliminary and permanent injunction restraining Defendants, and all persons in active concert or participation with them, or any of them who receive actual notice of the injunctions prayed for herein by personal service or otherwise, from:

a)      Using the MAXRELIEF trademark, or any trademark or designation that is confusingly similar thereto, on or in connection with the manufacturing, distribution, advertisement, offering for sale, or sale of any goods or services;

b)      Using the MAXRELIEF trademark, or any trademark or designation that is confusingly similar thereto, in any advertising accessible or viewable in the United States that asserts, directly or indirectly, that the Defendants are in any manner associated with MaxRelief or MaxRelief's products; and

c)      Otherwise competing unfairly with MaxRelief.

3.      An order directing Defendants to deliver to MaxRelief all products bearing any of the designations whose use is enjoined under the injunctions prayed for herein, and all computer files and other means of making labels for same; or

4.      An order directing Defendants, under 15 U.S.C. § 1118, deliver up to the Court for destruction or disposition all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunctions prayed for herein, and all computer files and other means of making labels for same; and

5.      An order directing Defendants, under 15 U.S.C. § 1116(a), file with the Court and serve upon counsel for MaxRelief, within thirty (30) days after the service on Defendants of the injunctions prayed for herein, a written report under oath setting forth in detail the manner and form in which they have complied with the injunctions; and

6.      An order directing Defendants, under 15 U.S.C. § 1117(a), pay MaxRelief damages sustained by MaxRelief as a result of Defendants' infringement, trebled according to the circumstances of the case; and

7.      An order directing Defendants, under 15 U.S.C. § 1117(a), pay MaxRelief its attorneys' fees and costs; and

8.      An order directing Defendants pay MaxRelief other damages allowable by law, including without limitation, the cost of corrective advertising MaxRelief will require to address consumer confusion caused by Defendants' unlawful acts; and

9

9.      An order granting MaxRelief such other and further relief as the Court may deems just and proper.

### VII.    DEMAND FOR JURY TRIAL

Plaintiff MaxRelief USA, Inc. hereby demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.


DATED: December 16, 2020                    NARDIELLO LAW PLLC

                                            /s/ *Jason S. Nardiello*
                                            Jason S. Nardiello (*pro hac vice to be filed*)

                                            Attorneys for Plaintiff