**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MaxRelief USA Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Maxx Relief, et al.,<br><br>Defendants. | No. CV-20-08335-PCT-MTL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Alternative Service and Tolling of Time to Serve Complaint. (Doc. 15.) Plaintiff requests an order authorizing alternative service of Defendants Maxx Relief, Terrell D. Link, and Margaret M. Mortazavi by email and first-class mail. (*Id.* at 1.)

I.

On December 16, 2020, Plaintiff initiated this lawsuit, alleging trademark infringement and unfair competition claims against Defendants. (Doc. 1.) Plaintiff commissioned a private investigator to identify Defendants' legal names and addresses. (Doc. 15 at 2.) A skip trace report identified Defendants Link and Mortazavi's last-known address as a specific residence in Camp Verde, Arizona. (*Id.*) A process server attempted to serve Defendants at that address on five unsuccessful occasions. (*Id.*) During those attempts, a neighbor confirmed Defendants Link and Mortazavi reside at the residence, lights were on inside and outside the residence, holiday lights had been put up and later taken down, and multiple vehicles were parked in the garage. (*Id.* at 2–3.) Plaintiff

contends Defendants are "avoid[ing] service." (*Id.* at 3.) Thus, Plaintiff moves this Court for an order, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.1(k) of the Arizona Rules of Civil Procedure, allowing alternative service.

## II.

The Federal Rules of Civil Procedure provide that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates several sufficient methods to serve individuals and unincorporated associations. Ariz. R. Civ. P. 4.1(d), (i). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another manner." *Id.* 4.1(k)(1).

"There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly Rule 4.1(m)). In *Blair*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence." *Id.* at 218 ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). The appellate court deemed personal service to be impracticable in *Blair* because the plaintiff attempted service at the defendants' place of business and residence at various times on five different days and visited the defendants' place of business on seven additional days but the defendants were not present. *Id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

## III.

In this case, Plaintiff has made the requisite showing to justify alternative service.

Based on the skip trace report and a neighbor's confirmation, Plaintiff believes Defendants Link and Mortazavi reside at a specified residence in Camp Verde, Arizona. (Doc. 15 at 2.) The process server attempted to effectuate service at that address at five various times on four different days. (*Id.*) And on those occasions, lights were on inside and outside the residence, vehicles were present in the garage, and a neighbor had observed Defendant Link "pulling trash cans" the day before one of the service attempts. (*Id.* at 2–3.) Thus, the Court finds the "impracticable" requirement of Rule 4.1(k) to be satisfied.

Because alternative service of process is appropriate, the Court must determine whether Plaintiff's proposed method of alternative service comports with "constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiff's proposed method of alternative service includes service by first-class mail and email. Under Arizona Rule 4.1(k)(2), if alternative service is allowed, "the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Plaintiff knows Defendants Link and Mortazavi last-known residential address. Thus, there is a strong indication that service by first-class mail would apprise Defendants Link and Mortazavi of the pendency of this action and afford them the opportunity to present their objections. *Rio Props. Inc.*, 284 F.3d at 1016.

Plaintiff's proposed method of service also includes service by email to info@maxxrelief.com, the email address found on Defendant Maxx Relief's Facebook page. The Ninth Circuit "has held due process requires 'nothing more' than service of process by email when that [is] the only means reasonably calculated to apprise the defendant of the lawsuit." *BMO Harris Bank N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *3 (D. Ariz. June 10, 2014) (quoting *Rio Props. Inc.*, 284 F.3d at 1018). And courts have allowed alternative service by email when there are other means of service, like mail delivery of process, available. *See id.* Thus, the Court will grant the Motion.

\\\

IV.

For the reasons stated,

**IT IS ORDERED granting** Plaintiff's Motion for Alternative Service and tolling of Time to Serve Complaint (Doc. 15). Plaintiff may serve the Summons, Complaint, and a copy of this Order on Defendants, and each of them, by (1) first-class U.S. mail, (2) affixing a copy of the Summons, Complaint, and this Order to Defendants' last-known residential address, and (3) email. Plaintiff's deadline to serve Defendants by alternative means is **March 5, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit within five (5) days of the completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 3rd day of February, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge